35 C.C.P.A. (Patents)

GABY, Inc., v. IRENE BLAKE COSMETICS, Inc.

Patent Appeals No. 5396.

Court of Customs and Patent Appeals.

Feb. 10, 1948.

James C. Wobensmith and Zachary T. Wobensmith, both of Philadelphia, Pa., for appellant.

No appearance for appellee.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents (speaking through the late Honorable Leslie Frazer, First Assistant Commissioner), 70 U.S.P. Q. 160, reversing the decision of the Examiner of Interferences who sustained the opposition of appellant to appellee's application for registration, under the Trade-Mark Registration Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., of the word "Gabardine," printed in script, as a trade-mark for "after shave powder, after shave lotion, and a hair dressing," continuous use of the term being claimed "since January 3rd, 1944."

The opposition of appellant is based upon its use and ownership of the term "Gaby," also printed in script, which appellant has caused to be registered three times for a large variety of cosmetics, some of which concededly are of the same descriptive properties as the goods of appellee.

Appellant's use and ownership antedate the claimed use by appellee by many years, one of its registrations being dated November 22, 1932, with use claimed since May 22, 1930.

The Examiner of Interferences said, inter alia: "There are, it is true, certain dissimilarities in the marks as is vigorously urged by applicant. There are likewise, however, certain similarities and these similarities are deemed to predominate by reason of the fact that applicant has appropriated nearly the whole of opposer's mark as the first portion of its notation. The first parts of marks are the portions which are most likely to be noticed and retained in the mind of the purchasers and the examiner is of the conclusion, therefore, that the similarities predominate over the differences to such an extent that confusion in trade is reasonably likely. At least there is doubt on this question and in such cases the doubt must be resolved against the newcomer, here the applicant."

The First Assistant Commissioner said, inter alia:

" 'Gaby' and 'Gabardine' begin with the same three letters, but not with the same syllable. Normally pronounced, they have no vowel sound in common. In appearance their differences far outweigh their single point of resemblance, though it is true that both are printed in conventional script. Other than as opposer's name, and possibly the name of various individuals, 'Gaby' has no generally recognized meaning; while 'Gabardine' is a word in common use as denoting a well-known fabric. Opposer suggests that 'the word "Gaby" would be very quickly and readily mistaken for an abbreviation of, or nickname for, the word "Gabardine." ' But I think that is far-

166

fetched and sheerly speculative. And I doubt that opposer may rightfully claim a monopoly of all words beginning with the letters 'Gab;' for those letters constitute only a portion, albeit the major portion, of its trade-mark as registered. Rather applicant's complete mark must be compared with opposer's complete mark; and when so compared I am convinced that the two differ sufficiently in appearance, sound and significance to be used concurrently in trade without any reasonable likelihood of confusion."

The brief on behalf of appellant (incidentally it may be said that appellee did not file any brief nor did it make any appearance for argument before us) is quite critical of certain of the First Assistant Commissioner's expressions. According to the brief—appellant took no testimony—the "a" in Gaby is pronounced as is the "a" in gabardine. The brief asserts that in neither of the words is the first vowel pronounced as a long "a," as in "gay," and adds "The pronunciation of the registered mark 'Gaby' by the First Assistant Commissioner was entirely gratuitous. Such pronunciation has no basis in the record and has no foundation in the actual use of the word, either in opposer's business, or otherwise."

■ Apropos the statement that the pronunciation attributed to the First Assistant Commissioner "has no basis in the record," it is not improper to say that if appellant deemed the matter of pronunciation important it would seem that it would have introduced evidence concerning it. Appellant is the opposer; it initiated the controversy, and it has some burden in connection with the suit. Its registration upon which it relies does not indicate the pronunciation. As for the statement that the pronunciation "has no foundation in the actual use of the word, either in opposer's business, or otherwise," it may be said that we took occasion to examine Webster's New International Dictionary to see how many words it listed which began with "gab," and we found there the word "gaby" and the diacritical mark above the "a" is "—" indicating the long sound as in "gay." (Incidentally, the only definition of the word given by Webster is

"A simpleton.") So, although pronunciation "as in gay" may have no foundation in actual use "in opposer's business" the "or otherwise" phrase seems to "cover too much territory."

We are not convinced that appellant is right in the assertion that "the First Assistant Commissioner, in arriving at his conclusions in this case, got off on the wrong track at the very start."

Appellant's trade-mark is appellant's name. The pronunciation of names of persons always, and of corporations frequently, is an arbitrary matter ungoverned by any fixed rules of lexicographers, and a person seeing a name in print and not having heard it used by others may pronounce it quite differently from the way in which its owner pronounces it.

■ However, accepting the statement that the "Gab" in appellant's "Gaby" is, or should be, pronounced exactly as the "Gab" in appellee's "Gabardine," we are not prepared to hold that that circumstance renders the marks confusingly similar. The marks must be looked at, not just listened to, and must be compared as a whole. Appellant's mark considered as a whole, bearing in mind that it is a proper name and not the dictionary term "gaby," hereinabove alluded to, certainly is neither descriptive nor suggestive of anything.

Funk & Wagnalls New Standard Dictionary defines "Gabardine" as "1. A long loose gown or cloak of coarse material; in the middle ages, the prescribed garment of Jews. 2. A raincoat or cloth of which to make it * * *."

■ As used by appellee it has no descriptive or suggestive significance with respect to the goods upon which it is used; so, there is no resemblance of the trade-marks in the matter of suggestiveness. Appellant stresses the fact that appellee's mark is in script like that of appellant. It is our surmise that that was one of the similarities which influenced the decision of the Examiner of Interferences, although it was not so stated by him. It is a matter proper to be considered but, after all, there is nothing particularly novel about conventional script type such as both parties use, and upon full consideration we

think there is no likelihood of the public being confused or purchasers being deceived by the concurrent use of "Gaby" and "Gabardine" on goods of the same descriptive properties.

There are many words having a variety of definitions which begin with "Gab." In many instances "Gab" forms the first syllable. We do not think appellant by using its name as a trade-mark and registering it as such, may so preempt the field as to secure a monopoly upon such words and prevent others from using, and in proper cases registering, those which happen to begin with "Gab," and we think if it could prevent the registration of "Gabardine" in this case, it could prevent the registration of all the other words having "Gab" as the first syllable which the dictionaries show.

The decision of the Commissioner of Patent is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Judge, was not present at the argument of this case and did not participate in the decision.